FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDON C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:19-CV-00027-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney Dana Chris Madsen represents Brandon C. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on August 23, 2016, alleging disability since birth,[2] due to persisting depressive disorder, anxiety disorder, autism spectrum, and passive-dependent personality features. Tr. 66. The application was denied initially and upon reconsideration. Tr. 89-92, 96-98. Administrative Law Judge (ALJ) R.J. Payne held a hearing on October 27, 2017, Tr. 33-65, and issued an unfavorable decision on February 20, 2018, Tr. 15-27. Plaintiff requested review from the Appeals Council, and the Appeals Council denied the request on November 26, 2018. Tr. 1-6. The ALJ's February 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 18, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1989 and was 26 years old as of the filing of his application. Tr. 27. He completed high school, with special education services, and has no work history. Tr. 44, 251. He lives with his mother and spends most of his time in his bedroom, drawing, reading comics, and playing video games. Tr. 50, 244-45, 251. He testified he has anxiety about leaving his bedroom. Tr. 50-51.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

---

[2]Plaintiff later amended his alleged onset date to the date of the filing of his application. Tr. 35.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

# ADMINISTRATIVE DECISION

On February 20, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity, depressive disorder, anxiety disorder, and autism spectrum disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of medium exertional work, with the following specific limitations:

> The claimant is able to lift 50 pounds occasionally and 25 pounds frequently. In an eight-hour workday, with normal breaks, the claimant is able to sit six hours and stand and/or walk six hours, in any combination. The claimant is capable of occasional stooping, crouching, kneeling, and balancing. The claimant can never crawl. The claimant can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. The claimant can never work at unprotected heights and should avoid concentrated exposure to hazardous moving machinery. In terms of mental abilities, the claimant can have superficial contact with the general public. Finally, the claimant can work with, or in the vicinity of, coworkers but not in a teamwork-type work setting.

Tr. 20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 27.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers

in the national economy, including the jobs of hand packager, small products assembler, and electronics worker. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 23, 2016, the application date, through February 20, 2018, the day of the decision. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony; and (2) improperly evaluating the medical opinion evidence.

## DISCUSSION

### 1. Plaintiff's symptom statements

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 15 at 14-17.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. Specifically, the ALJ found Plaintiff's statements to be inconsistent with the objective medical evidence and his activities of daily

living. Tr. 23. The ALJ also noted Plaintiff had received very little treatment for his depression and anxiety and the medication he took provided significant symptom relief. *Id.*

Plaintiff objects to the ALJ's use of his activities to undermine the reliability of his reports and challenges the ALJ's finding of only mild impairment in adapting and managing himself, arguing that the record documents minimal activities and self-care and that Plaintiff rarely leaves his bedroom. ECF No. 15 at 14-16. Plaintiff further challenges the ALJ's use of the normal objective findings, arguing they are not an accurate representation of his longitudinal functioning. *Id.* at 16. Plaintiff finally asserts that his allegations are supported by the findings of Dr. Lontz and Dr. Arnold. *Id.* 16-17.

    a. *Minimal Treatment*

The ALJ found Plaintiff's allegations of disabling mental conditions to be undermined by the fact that he had received very little treatment for his depression and anxiety, noting he attended only one psychotherapy visit in May 2017 and was not prescribed any medications for his mental condition until 2016. Tr. 23. Unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). While Plaintiff reported his depression and anxiety symptoms to his medical providers, he repeatedly declined referrals to counseling. Tr. 257, 301. He attended one session of individual psychotherapy, but did not return. Tr. 421, 417-18. The record contains no explanation for Plaintiff's failure to seek treatment for his allegedly disabling conditions. The ALJ reasonably relied on this factor in discounting Plaintiff's symptom reports.

    b. *Objective evidence*

The ALJ found Plaintiff's statements about his symptoms were inconsistent with the objective medical evidence, noting mental status evaluations routinely showed normal mood and affect, and emphasizing providers' assessments that

1  Plaintiff's mental health and autism spectrum conditions have been described as
2  mild. Tr. 23. Although it cannot serve as the sole ground for rejecting a claimant's
3  symptom statements, objective medical evidence is a "relevant factor in
4  determining the severity of the claimant's pain and its disabling effects." *Rollins v.
5  Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff asserts the normal findings
6  cited by the ALJ are not an accurate portrayal of Plaintiff's condition, due to the
7  cycling nature of mental health conditions. ECF No. 15 at 16. However, Plaintiff
8  points to no evidence in support of this argument that the record shows cycling,
9  other than his reports. The record reflects almost entirely normal mental status
10 exams. Tr. 257, 261, 264-65, 295, 302, 306, 418. On only a few occasions did
11 providers document anything notable about Plaintiff's mood or affect. Tr. 245,
12 253, 291, 295, 302, 306, 418. The ALJ's interpretation of the record is supported
13 by substantial evidence.

    c. *Improvement with treatment*

15 The ALJ found once Plaintiff started mental health medication in 2016, he
16 experienced significant symptom relief, in that he was coming out of his room
17 more and seemed happier on the medication. Tr. 23. While an ALJ may consider
18 the type and efficacy of treatment in assessing a claimant's reliability, the fact that
19 a person suffering from depression makes some improvement "does not mean that
20 the person's impairment[ ] no longer seriously affect[s] [his] ability to function in a
21 workplace." *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001); *see
22 also Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1200-01 (9th Cir. 2008). While
23 the ALJ is correct that the record reflects improvement in Plaintiff's condition with
24 treatment, he continued to report symptoms of anxiety, isolation, sleep disturbance,
25 and generally remaining in his home. Tr. 250, 261, 294, 301, 305, 417, 421. In
26 April 2017 he reported he was not getting significant relief from his medication
27 anymore and felt his anxiety and depression were steadily worsening. Tr. 291.
28 The ALJ's discussion of improvement with medication cited to a single report of

improvement when Plaintiff had been on medication for only a few weeks. Tr. 250 (cited by ALJ as Ex. 2F, pg.1). The finding of improvement with medication does not constitute substantial evidence to discount Plaintiff's reports of ongoing difficulties.

However, because the ALJ provided other clear and convincing reasons for discounting Plaintiff's allegations, any such error was harmless. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record).

   *d. Daily activities*

A claimant's daily activities may support an adverse credibility finding if the activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found Plaintiff's allegation that he rarely leaves his bedroom to be inconsistent with his activities of daily living, noting he attended regular doctor's appointments and was able to attend movies with his friends and go out to dinner with his girlfriend. Tr. 23. The record does not reflect Plaintiff engaging in the above activities on a regular basis. Plaintiff testified he leaves his home to go to a restaurant or movie maybe one time per week. Tr. 50. He stated he goes grocery shopping with his mother less than once a month. *Id.* The record similarly reflects social outings to be rare, with Plaintiff's mother and girlfriend routinely reporting he spends the vast majority of his time in his room. Tr. 245, 250-51, 301, 417, 421. The ALJ characterized Plaintiff's doctor visits as "regular," but the record reflects no more than one or two appointments per month, with several stretches of multiple months with no visits. The activities identified by the ALJ do not conflict with Plaintiff's testimony that he rarely leaves his home.

However, because the ALJ provided other clear and convincing reasons for discounting Plaintiff's allegations, any such error was harmless. *See Batson,* 359 F.3d at 1197.

///

## 2. Medical opinion evidence

Plaintiff argues the ALJ improperly weighed the opinion evidence, giving undue weight to the medical expert who testified at the hearing, despite her lack of understanding of Plaintiff's condition and her endorsement of Plaintiff's need for a companion animal. ECF No. 15 at 17-18. Plaintiff further asserts the fact that Plaintiff was not provided vocational rehabilitation services is evidence that the Department of Vocational Rehabilitation did not believe he could be trained or rehabilitated. ECF No. 15 at 18.[3]

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should generally give more weight to the opinion of a treating physician than to the opinion of an examining physician, and more weight to an examining source than a non-examining source. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). In evaluating the weight owed to opinions the ALJ should consider the nature of the relationship, the supportability and consistency of the opinion, any specialization of the source, and other factors, such as the

///

---

[3]Plaintiff makes vague allusions to Dr. Lontz's and Dr. Arnold's opinions as supportive of Plaintiff's claim for disability but does not discuss or assign error to the ALJ's treatment of these opinions until his reply brief. ECF No. 17 at 4-8. Generally, the Court will not consider arguments that were not actually argued in the opening briefing. *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to raise these issues in his opening brief, the Court declines to consider them.

understanding of the disability programs and the source's familiarity with the case record. 20 C.F.R. § 416.927(c).

    *a. Dr. Winfrey, medical expert*

Plaintiff argues the ALJ was wrong to afford great weight to the opinion of Dr. Nancy Winfrey, the medical expert who testified at the hearing. ECF No. 15 at 18. Specifically, Plaintiff alleges Dr. Winfrey did not understand that Plaintiff spent most of his time in his room and that the occasional social outings he did do were only with his mother and girlfriend. *Id.* Plaintiff's allegation that Dr. Winfrey did not understand the nature of Plaintiff's condition is supported by no evidence. Dr. Winfrey reviewed the record, testified as to Plaintiff's conditions and limitations, and specifically acknowledged in her testimony that she was aware of Plaintiff's habits. Tr. 42. Plaintiff has advanced no legal basis for rejecting the expert's conclusions or questioning her comprehension of the record.

As to Plaintiff's argument that Dr. Winfrey endorsed his use of a companion animal, her actual testimony was that it was a good idea and helpful to Plaintiff, but she specifically referenced the letter regarding the animals, which clarified the dogs were not service animals and were only for use in the home. Tr. 42, 427. Dr. Winfrey did not state that Plaintiff would need his dogs to accompany him to the workplace.

The Court finds the ALJ did not err in giving great weight to Dr. Winfrey's opinion.

    *b. Vocational rehabilitation*

Plaintiff asserts, with no evidence, that because he was not provided vocational training, this means the Department of Vocational Rehabilitation (DVR) did not believe he could be trained or rehabilitated for gainful employment. ECF No. 15 at 18. It is not established in the record that DVR actually made such a determination. Plaintiff testified vaguely that vocational services with DVR "kind of fell through," and that there was some discrepancy regarding the report and that

the counselor thought he was able to work. Tr. 45. The only evidence from DVR is a single certification of disability, noting Plaintiff had "most significant disabilities" and would require multiple services over an extended period of time to become employed. Tr. 276. Plaintiff's assertion that he was deemed unable to work is not supported by the record. Plaintiff makes no further argument regarding any actions on the part of the ALJ or errors in the assessment, and thus has waived the right to do so.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED March 30, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE